﻿Citation Nr: AXXXXXXXX
Decision Date: 09/26/19 Archive Date: 09/26/19

DOCKET NO. 190313-5951
DATE: September 26, 2019

REMANDED

Entitlement to service connection for skin cancer is REMANDED.

REASONS FOR REMAND

The Veteran served honorably in the United States Army from January 1970 to March 1972. The Veteran’s certificate of release from active duty (DD214) reflects that, as a helicopter repairman, he received the Vietnam Service Medal and a Vietnam Campaign Medal. 

Service connection for skin cancer was initially denied in a March 2017 rating decision. In a May 2017, the Agency of Original Jurisdiction (AOJ) issued a rating decision denying the Veteran’s claim for service connection for skin cancer finding that new and material evidence had not been submitted to reopen a previously disallowed claim for service. 

In July 2018, the Veteran submitted a Rapid Appeals Modernization Program (RAMP) Opt-in election form. At that time, the Veteran expressed his desire for Higher-Level review. Thereafter, in October 2018, the AOJ issued a decision denying service connection for the Veteran’s skin cancer. 

In December 2018, the Veteran submitted a Rapid Appeals Modernization Program Opt-in election form. At that time, the Veteran expressed his desire to pursue a supplemental claim. Thereafter, in March 2019, the AOJ issued a rating decision finding that new and relevant evidence had been received to reopen the claim. After review of the record, the AOJ denied service connection. 

In March 2019, VA received the Veteran’s VA Form 10182 appealing the March 2019 denial. Therein, the Veteran selected the Board’s Direct Review docket. The Veteran also submitted a statement, confirming his desire for the Board to review his claim without a hearing or the opportunity to submit additional evidence. In May 2019, the Board notified the Veteran that his entitlement claim had been placed on the Direct Review docket. 

1. Entitlement to service connection for skin cancer is remanded. 

In December 2016, the Veteran submitted a VA Form 21-0966, relaying his intent to file a claim for compensation. In January 2017, the Veteran submitted a VA Form 21-526EZ. Therein, the Veteran formalized his entitlement claim for service connection for skin cancer. 

VA regulations provide that certain diseases associated with exposure to herbicide agents may be presumed to have been incurred in service even if there is no evidence of the disease in service, provided the requirements of 38 C.F.R. § 3.307 (a)(6) are met. 38 C.F.R. § 3.309 (e). A Veteran who, during active service, served in the Republic of Vietnam during the period beginning on January 9, 1962, and ending on May 7, 1975, shall be presumed to have been exposed during such service to an herbicide agent, unless there is affirmative evidence to establish that the Veteran was not exposed to any such agent during that service. 38 C.F.R. § 3.307 (a).

Since the Veteran served “boots on the ground” in the Republic of Vietnam, the Board presumes that he was exposed to an herbicide agent. See 38 C.F.R. §§ 3.307. The Veteran’s various skin cancers, however, are not diseases identified as presumptively associated with herbicide exposure. See 38 C.F.R. § 3.309 (e). Nevertheless, the statutory and regulatory provisions governing presumptive service connection for certain diseases deemed to be associated with herbicide exposure is a legal consideration rather than a medical consideration. Meaning, the exclusion of skin cancer from the list of disabilities for which a presumption may be assigned does not preclude a grant of service connection on a direct basis. Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994).

In January 2017, VA received the Veteran’s treatment records, which were generated at the Skin Cancer Treatment Center. Therein, the records revealed that the Veteran currently endured several basal and squamous cell carcinomas, to include on the upper and lower back, right chest, nose, and right cheek. After review of these records, the Board notes that they are devoid of an opinion on the etiology for the Veteran’s various carcinomas.

In March 2017, the Veteran submitted a VA Form 21-4138. Therein, the Veteran posited that, “I have been having difficulty with (skin cancer) since my discharge from the military. I have been able to seek private medical care for this condition. (emphasis added).”

In March 2017, VA received the Veteran’s dermatopathology reports for KHOURI lab. These reports confirm that the Veteran currently maintains diagnoses for various skin carcinomas. After review of these records, the Board notes that they are devoid of an opinion on the etiology for the Veteran’s various carcinomas.

In March 2017, the agency of original jurisdiction (AOJ) first considered the Veteran’s entitlement claim for service connection for skin cancer. The AOJ denied the Veteran’s claim on a presumptive basis because the skin cancer was not a disease listed under 38 C.F.R. § 3.309(a). The Board notes that the AOJ did not address and/or consider direct service connection. 

In June 2017, VA received correspondence from the Veteran. Therein, the Veteran posited that, “my fair skin, red hair and blue eyes, put me at the top of the list for skin cancer. That, as well as Agent Orange exposure doubles the risk of contracting skin cancer.”

In June 2017, the Veteran submitted an article entitled Agent Orange exposure increases skin cancer risk in Vietnam Veterans, which was published in Medical News Today on February 2, 2014. At the outset, the article acknowledges that, “the latest Institute of Medicine update to the Veterans and Agent Orange report concluded that there is ‘inadequate and insufficient information to determine whether there is an association between exposure to Agent Orange and basal cell or squamous cell cancer.” Nevertheless, the study reported that, “men with lighter skin and light eye color also had increased risk. Of the 143 men with Fitzpatrick skin type I, the lightest, 10 (71%) had NMISC.” The article noted that, “the take away from the study is that there may be an association between Agent Orange and development of non-melanotic skin cancer, but it needs to be studied on a larger scale with thousands of patients. What we’ve observed is very, very suspicious and supports what’s been reported anecdotally.”

In July 2018, a Report of General Information was associated with the Veteran’s claims. Therein, it was noted that the Veteran had not received any outpatient treatment at a VA Medical Center. 

In February 2019, VA was notified that the Veteran did not currently have any clinical documents at a VA Medical Center.

The Board notes that VA’s duty to assist also requires it to provide a medical examination or obtain a medical opinion if necessary to decide a claim. See 38 U.S.C. § 5103A (d); 38 C.F.R. § 3.159 (c)(4) (providing that an examination or opinion is necessary if the information and evidence of record does not contain sufficient competent medical evidence to decide a claim). The AOJ failed its duty to assist after it was presented with evidence of a current disability and the Veteran’s March 2017 statement that he has endured skin cancer since his return from the Republic of Vietnam. 

Ultimately, the Board finds that a VA examination pertaining to the Veteran’s current skin cancer(s) is necessary on remand. See 38 C.F.R. § 3.159 (c)(4). Accordingly, the Veteran should be afforded a VA examination to determine the current nature and etiology of his skin cancer. See 38 U.S.C. § 5103A (d); 38 C.F.R. § 3.159 (c)(4); McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006).

 

Consequently, the matter is REMANDED to the AOJ for the following action:

1. Contact the Veteran, and, with his assistance, identify any outstanding records of pertinent medical treatment from VA, Federal, or private health care providers. With the Veteran’s assistance obtain copies of any pertinent records and add them to the claims file. Follow the procedures for obtaining the records set forth by 38 C.F.R. § 3.159 (c) (2017). If VA attempts to obtain any outstanding records which are unavailable, the Veteran should be notified in accordance with 38 C.F.R. § 3.159 (e).

2. Schedule the Veteran for a VA examination to determine the nature and etiology of his various skin cancers. The claims file should be made available to, and be reviewed by, the examiner, and it should be confirmed that such records were reviewed. 

The examiner should:

For any current skin cancer (or residuals thereof) that is currently manifested, or that has been manifested at any time since 2016, indicate whether the disability is at least as likely as not (a 50 percent probability or greater) related to the Veteran’s United States Army service in the Republic of Vietnam, to include his presumed exposure to an herbicide agent, i.e. Agent Orange.

An explanation for all opinions expressed must be provided. All opinions must take into account the Veteran’s own history and contentions.

3. The AOJ must ensure that the examination report requested above is in compliance with the directives of this remand. If any report or opinion is deficient in any manner, the AOJ must implement corrective procedures at once.

 

 

DAVID L. WIGHT

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board RLBJ, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.